# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND CLAUDIO, | : | |
| PETITIONER | : | |
| | : | |
| V. | : | CA.NO. 02-4628 |
| | : | |
| | : | |
| SUPERINTENDENT, ET. AL. | : | |
| RESPONDENT | : | ATTORNEY I.D. 38874 |

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

A seriatim response is being dispensed with in the interest of clarity.

## I.    FACTUAL HISTORY

On November 22, 1982, a robbery took place at an apartment on Madison Avenue in Warminster, Bucks County, Pennsylvania.  Two intruders entered the apartment and proceeded to tie up and rob the occupants, Rose Faraci and her son, Daniel Faraci.  There was evidence that a third man, a lookout, waited for the intruders outside.  One of the intruders had part of his face covered, while the other did not.  At the second trial, Daniel Faraci positively identified John Leary as one of the two intruders.  Also at that trial Faraci identified Petitioner, Raymond Claudio, as the other intruder who had his face partially covered (N.T. 12/9/85, pp. 42-44, 50-56).  Mr. Leary testified on behalf of the Commonwealth that Petitioner was the other intruder who was with him the night they robbed the Faracis (N.T. 12/10/85, pp. 69-132).  Additional evidence was presented at trial that corroborated the testimony of Mr. Leary and Mr. Faraci (N.T. 12/10/85, pp. 133-169).

Trial was delayed in this case because while on bail, Petitioner was arrested in Florida (N.T. 2/5/85, pp. 15-27).  Furthermore, when trial was finally held in April of 1985, Petitioner

was facing charges on two unrelated burglaries.  Petitioner pleaded guilty to both burglaries on

April 12, 1985, and was sentenced by Judge Biehn to two to four years on both (N.T. 7/12/85,

pp. 2-12).  A condition of his guilty plea was that the burglary sentences be served concurrently

to the sentences that he was to receive on the robbery conviction.

## II.    **PROCEDURAL HISTORY**

The instant criminal complaint, Case No. 2156/83, was filed on May 16, 1983 with the Bucks County Clerk of Courts charging Petitioner with two counts of robbery, two counts of simple assault, and additional counts of theft, receiving stolen property, aggravated assault, terroristic threats, possession of an instrument of crime, and seven counts of conspiracy.

On April 10, 1985, a jury trial was held before the Honorable Kenneth G. Biehn. The Petitioner was represented by Joseph J. Scafidi, Esquire. Petitioner was found guilty of thirteen of the sixteen counts charged, including a finding of guilt on the robbery charge. Two days later, on April 12, 1985, Petitioner entered a guilty plea to two unrelated burglaries, case numbers 83-285 and 83-4409, with the condition that any sentence imposed run concurrently to his robbery sentence on Case No. 2156/83.

On April 23, 1985, Petitioner filed a motion for a new trial that was subsequently granted on the grounds that the prosecutor made impermissible comments during his closing. A new trial was held before the Honorable William H. Rufe, III on December 9, 1985, at which time Petitioner was represented by David Shenkle, Esquire. On December 10, 1985, Petitioner was again found guilty of robbery and related charges.

Following the conclusion of the second trial and the filing of post-trial motions, Gerald Palmer, Esquire, was appointed to represent Petitioner on December 27, 1985. Mr. Palmer, however, soon withdrew as counsel for Petitioner because he left his law practice. Thereafter, William Cowan, Esquire, was appointed to represent Petitioner on June 17, 1985. Mr. Cowan represented Petitioner at the post-trial motions hearing held on September 22, 1986, at which time Mr. Cowan challenged Mr. Shenkle's effectiveness as trial counsel (N.T. 9/22/86, pp. 1-47).

Shortly thereafter Petitioner asserted that Mr. Cowan's representation was ineffective,

and thus Ann Marie Daly, Esquire was appointed to represent him on August 7, 1987.  Ms. Daly

withdrew Petitioner's post-trial motions, then pending before the Superior Court of

Pennsylvania, and instead attempted to enforce the agreement under which Petitioner's robbery

and burglary sentences would be served concurrently. (The Commonwealth was at that time

questioning the validity of the agreement due to Petitioner's appeals.)  Petitioner subsequently

challenged Ms. Daly's decision to withdraw the post-trial motions, and on October 16, 1987, Ms.

Daly withdrew as counsel.  Jeffrey Garton, Esquire, was then appointed to represent Petitioner,

and assigned his associate, Douglas C. Maloney, Esquire, to represent Petitioner.

On June 6, 1988, Mr. Maloney petitioned the court to reinstate the post-trial motions, and

a hearing was set for July 19, 1988.  Sometime before that hearing, Mr. Maloney determined that

the Commonwealth should honor the agreement it had made with the Petitioner under which the

burglary sentences and the robbery sentence would be served concurrently.  The Commonwealth

agreed to honor the agreement.  In order to accomplish this end, the Commonwealth specifically

agreed to allow the sentences on the burglary charges to be abrogated by Judge Biehn, and to

permit Judge Rufe to enter a new sentence on those charges.  This was the only way that

Petitioner could obtain credit for time served on all charges.  Thus on July 19, 1988, Judge Rufe

sentenced Petitioner to concurrent terms of imprisonment on both the burglary charges and the

instant robbery charge.  Petitioner received a five to twelve year sentence on the robbery with

credit for time served.  In exchange, Mr. Maloney withdrew his motion to reinstate the post-trial

motions.

When Petitioner was not paroled after his five year minimum sentence was completed, he

filed a motion under the Post Conviction Relief Act on March 8, 1990, challenging Mr.

Maloney's decision to withdraw his motion to reinstate the post-trial motions which were

previously withdrawn.  William Moyer, Esquire was appointed as Petitioner's counsel.  The

Commonwealth answered Petitioner's PCRA motion on April 5, 1990, and a hearing with regard

to Mr. Maloney's ineffectiveness was heard on March 7, 1991.  At that hearing Mr. Maloney

gave testimony concerning his representation of Petitioner (N.T. 3/3/91, pp. 84-120).  Mr.

Maloney also testified that it was his belief that Petitioner's prior counsel was effective, that the

trial strategy of Mr. Shenkle had a sound basis in legal practice, and that any appeal on double

jeopardy grounds had little chance of success (N.T. 3/7/91, pp. 96-103).

Mr. Maloney further testified that in July of 1988 it was his opinion that it was in

Petitioner's best interest to drop his direct appeal of the robbery conviction and instead enforce

the agreement under which he would serve the sentences for the robbery conviction and the

burglary convictions concurrently (N.T. 3/7/91, pp. 88-95).  Mr. Maloney testified that Petitioner

was very pleased with the result of the July 1988 agreement, and also that Petitioner's only

concern was to make sure that he got out of jail as early as possible.  At that time Petitioner's

earliest parole date was in early 1989, the following year.

Mr. Maloney noted at the PCRA hearing that his principal achievement was to get the

Commonwealth to agree to have Judge Biehn abrogate the sentences imposed on the 1985

burglary charges (N.T. 3/7/91, pp. 88-96, 104-120).  If the sentences on the burglaries had not

been abrogated, Petitioner could not have been given a concurrent sentence on the instant

robbery.  Importantly, Mr. Maloney produced a copy of Judge Biehn's Order dated July 18,

1988, showing that he had accomplished his mission (N.T. 3/7/91, p. 115).  Finally, Mr. Maloney

explained that after the hearing in July of 1988, he had several conversations with, and wrote

letters to, the Pennsylvania Parole Board.  His purpose in doing so was to make sure that the

Board 1) understood the nature of the 1988 hearing, and 2) agreed with Petitioner's computation

of the time for which he would be credited for time served on both the burglary and robbery

charges (N.T. 3/7/91, pp. 88-95).  The Commonwealth points out to the Honorable Court that

although Petitioner did not get out at his earliest parole date because he was denied parole on

several occasions, he nonetheless knew what he was doing in July of 1988 when he abandoned

his direct appellate rights, he understood all of the ramifications of his decision, and Mr.

Maloney gave Petitioner sound legal advice.

After briefs were filed, Judge Rufe denied Petitioner's post conviction relief on February

28, 1992.  Mr. Moyer took no appeal on Petitioner's behalf, and the notes of testimony taken at

the 1991 PCRA hearing were not transcribed.  On September 20, 1993, Petitioner filed a nunc

pro tunc appeal of Judge Rufe's February 1992 ruling.  That petition was modified to a new

PCRA petition on January 27, 1994.  On March 2, 1994, Judge Rufe denied Petitioner's new

PCRA petition as patently frivolous.

Petitioner subsequently filed a federal action, and on August 8, 1994, the Honorable

Charles R. Weiner added the District Attorney of Bucks County as a respondent to this action.

On or about November 21, 1994, this Honorable Court denied Petitioner's petition and on June

7, 1995 Petitioner's federal petition for reconsideration was denied.

On April 12, 1996, Petitioner filed his second PCRA petition.  Petitioner's counsel

(Michael Parlow, Esquire) sought permission on April 10, 1997 to withdraw from the case, after

reaching the conclusion that Petitioner's appeal had no merit.  Commonwealth v. Turner, 518 Pa.

491, 544 A.2d 927 (1988); Commonwealth v. Finley, 530 A.2d 213 (Super.Ct. 1988).  After

reviewing the motion, the answer by the Commonwealth, numerous memoranda of law

submitted pro se by Petitioner, and the record, the court notified the Petitioner on November 7,

1997 of the intention to dismiss the petition pursuant to P.R.Cr.P. 1507, because the court was satisfied that there are no genuine issues concerning any material fact, that Petitioner is not entitled to post collateral relief, and that no purpose would be served by any further proceedings.

The Superior Court of Pennsylvania affirmed the lower court's decision on November 19, 1998, and the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal on May 25, 1999.

A petition for Writ of Habeas Corpus was filed on January 10, 1999 and a hearing was held on June 2, 1999. The lower court denied the Petition on June 9, 1999.

On December 15, 2000, the Superior Court of Pennsylvania affirmed the Order entered June 9, 1999, denying his petition for habeas corpus relief. The Petitioner subsequently filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania and on November 14, 2001, the petition was denied.

On December 31, 2001, Petitioner filed his third PCRA petition. On January 8, 2002, Petitioner's third PCRA was denied by the Honorable Ward F. Clark. On January 23, 2002, Petitioner filed an appeal in the Superior Court of Pennsylvania of the denial of Petitioner's third PCRA petition. On September 16, 2002, that appeal was denied.

On October 15, 2002, Petitioner filed the instant petition.

**III.    ARGUMENT**

An application for writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a state court shall not be granted with respect to any claim that was adjudicated on

the merits in state court proceedings unless the adjudication of the claim; (1) resulted in a

decision contrary to or involved an unreasonable application of clearly established federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was

based on an unreasonable determination of facts in light of evidence presented in state court

proceeding.  28 U.S.C. §2254(d)(1).

This writ of habeas corpus filed by petitioner pursuant to 28 U.S.C.S. §2254 should be

denied and dismissed for the following reasons.  First, habeas corpus relief in not available to

Petitioner as Petitioner is no longer in custody.  Second, Petitioner has failed to comply with the

requirements of Title 28 U.S.C. § 2244(B)(3)(A).  Third, the petition is time barred by the Anti-

terrorism and effective Death Penalty Act of 1996, 28 U.S.C. §2244(d)(1).  Fourth, Petitioner's

claims have either been previously litigated or procedurally waived.  Where this petition is

wholly untenable, it must be dismissed.

A.  PETITIONER IS NO LONGER IN CUSTODY.

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an

application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment

of a State court only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States."  Title 28 U.S.C. §2254(a) [emphasis added].  Habeas corpus relief

is available to prisoners **in custody** in violation of the Constitution, laws, or treaties of the United

States.  Petitioner completed his sentence in this case on July 28, 2002, and is longer in custody.[1]

---

[1] Upon his release, Petitioner provided the following address to prison authorities: P.O. Box 447, Interlachen,
Florida 32148.

(See Exhibit "A").  Therefore, habeas corpus relief is no longer available to Petitioner and, consequently, the petition should be dismissed.

      B.  <u>PETITIONER HAS FAILED TO COMPLY WITH THE REQUIREMENTS OF TITLE 28 U.S.C. § 2244(B)(3)(A).</u>

Title 28 U.S.C. §2244(b)(3)(A) states that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner's current petition is a second or successive application as Petitioner previously filed a Petition for Writ of Habeas Corpus to this Honorable Court on August 8, 1994.  Petitioner's previous petition was denied on November 21, 1994. Before filing Petitioner's current claim, Petitioner failed to comply with the requirements of Title 28 U.S.C. §2244 in that he failed to move in the appropriate court of appeals for an order authorizing the district court to consider the application.  Therefore, the current petition should be denied.

      C.  <u>PETITION IS TIME BARRED UNDER 28 U.S.C. §2244(D)(1).</u>

Petitioner's petition for writ of habeas corpus was filed after his grace period under the Antiterrorism and Effective Death Penalty Act of 1996 had expired.  Under 28 U.S.C.S. §2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one (1) year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  28 U.S.C. §2244(d)(1).  The limitations period shall run from the latest of the date on which the judgment became final by the conclusion of the direct review or the expiration of the time for seeking such review.  28 U.S.C. §2244(d)(1)(A); <u>Davis v. Varner</u>, 2001 U.S. Dist. LEXIS 19330 at 6-7 (E.D.Pa. May 8, 2001); <u>Commonwealth v. Lantzy</u>, 736 A.2d 564 (Pa. 1999).  The sentencing date in this case was July 19, 1988.  Petitioner did not file for direct appeal.  Expiration of the thirty (30) day time period to seek a direct review

in this case would have been August 19, 1988.   Petitioner did not file an application for State

post-conviction relief or other collateral review until March 8, 1990, well after the statute of

limitations under the "AEDPA" had expired, therefore there is no tolling exception that applies

in this case.  28 U.S.C. §2244(d)(2).  Therefore, Petitioner is time barred from filing the current

petition.

> D.  PETITIONER'S CLAIMS HAVE EITHER BEEN PREVIOUSLY LITIGATED OR
> PROCEDURALLY DEFAULTED.

"A claim presented in a second or successive habeas corpus application under section

2254 that was presented in a prior application shall be dismissed." Title 28 U.S.C. §2244(b)(1).

Additionally, Title 28 U.S.C. §2244(b)(2) states as follows:

> A claim presented in a second or successive habeas corpus application
> under section 2254 that was not presented in a prior application shall be dismissed
> unless- -
>     (A) the applicant shows that the claim relies on a new rule of constitutional
> law, made retroactive to cases on collateral review by the Supreme Court, that
> was previously unavailable; or
>     (B) (i) the factual predicate for the claim could not have been discovered
> previously through the exercise of due diligence; and
>         (ii) the facts underlying the claim, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and convincing
> evidence that, but for constitutional error, no reasonable factfinder would have
> found the applicant guilty of the underlying offense.  Petitioner's current petition
> includes claims that have not been fairly presented to the state courts.

Petitioner's claims in the current petition were either previously litigated or

procedurally defaulted.  With respect to Petitioner's claims that were presented in a prior

application, all such claims should be dismissed.  With respect to claims that have not

been previously raised, Petitioner has failed to establish any of the exceptions enumerated

in Title 28 U.S.C. §2244(b)(2).  Although Petitioner has filed numerous appeals over the

years, he has failed to adequately present the claims raised in the instant petition to the

state courts.  A petitioner that forwards claims that have not been properly adjudicated in

the state system must be dismissed, however, only where there is an available state

remedy for there presentation to the state courts.  Where there is no remaining state

remedy, the claims are procedurally defaulted and unreviewable unless the petitioner can

show cause and prejudice that would excuse the default or that miscarriage of justice

would occur if the claims were not considered.  Coleman v. Thompson, 501 U.S. 722

(1991).  Consequently, those claims are procedurally defaulted and barred from review.

## IV.    **CONCLUSION**

Wherefore, it is respectfully requested that Petitioner's Petition for Habeas Corpus Relief be denied and dismissed.

Respectfully submitted,


Daniel M. Keane
Assistant District Attorney

COMMONWEALTH OF PENNSYLVANIA   :

                                              :   SS.

COUNTY OF BUCKS                              :


       I, Daniel M. Keane, Esquire, verify that the statements made in this pleading are true and correct.  I, the undersigned, understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A. Subsection 4904 relating to unsworn falsification to authorities.


                                        _____
                                        Daniel M. Keane
                                        Assistant District Attorney


Dated:  November 14, 2002

**PROOF OF SERVICE**

I hereby certify that I served a copy of the foregoing document upon the person

and in the manner indicated below:

**Service by Federal Express Mail:**

United States District Court for the Eastern District of Pennsylvania
Office of the Clerk, Room 2609
United States Courthouse
601 Market Street
Philadelphia, PA  19106-1797

The Honorable Charles R. Weiner
Senior Judge
United States District Court for the Eastern District of Pennsylvania
United States Courthouse, Room 6613
601 Market Street
Philadelphia, PA  19106-1797

**Service by First Class Mail:**

Raymond Claudio
P.O. Box 447
Interlachen, FL  32148

Francis R. Filipi, Senior Deputy Attorney General
Office of Attorney General
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA  17120

DATED: November 14, 2002

_____
Daniel M. Keane, Esquire
Assistant District Attorney
Office of the District Attorney
Bucks County Courthouse
Fourth Floor
Doylestown, PA 18901
(215) 348-6344
Attorney I.D. 85696

November 14, 2002

United States District Court for the Eastern District of Pennsylvania
Office of the Clerk, Room 2609
United States Courthouse
601 Market Street
Philadelphia, PA  19106-1797

| | | |
|---|---|---|
| **RAYMOND CLAUDIO,** | : | |
| **PETITIONER** | : | |
| | : | |
| **V.** | : | **CA.NO. 02-4628** |
| | : | |
| | : | |
| **SUPERINTENDENT, ET. AL.** | : | |
| **RESPONDENT** | : | **ATTORNEY I.D. 38874** |

Dear Sir/Madam:

Enclosed please find the original and one (1) copy of the Commonwealth's Answer to in the above-captioned matter.

I would respectfully request that you record the receipt of the Commonwealth's Answer, time-stamp the extra copy, and return the copy in the enclosed stamped, self-addressed envelope.

Thank you for your cooperation in these matters.

Sincerely,

Daniel M. Keane
Assistant District Attorney

DMK/dmb

Enclosures

cc:  Raymond Claudio