IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RAYMOND CLAUDIO                  :
                                 :
                                 :
                                 :
          V.                     :          C.A. NO. 02-4628
                                 :
                                 :
                                 :
SUPERINTENDENT, ET AL.           :


WEINER, J.                                  March 10, 2003


## MEMORANDUM OPINION AND ORDER


Raymond Claudio filed a petition for writ of habeas corpus on July 11, 2002 challenging the legality of his 1985 state court convictions for robbery and related charges. By order of October 11, 2002 [1], we directed the District Attorney of Bucks County to file a response on behalf of the Commonwealth to the petition and provide a copy of petitioner's state court record. The DA has filed a response, raising

---

[1]Petitioner asked that his petition be held in abeyance pending the result of a pending state court proceeding. We granted that request. We reactivated the case at petitioner's request on October 11, 2002.

several procedural bars to the petition, but failed to provide the complete certified record. For the reasons which follow, we find the record is not sufficient for us to determine the issues raised by the Commonwealth.

On December 10, 1985, Claudio was found guilty following a re-trial of the charges against him. The guilty verdict from his first trial was vacated due to improper prosecutorial comments during closing arguments. Following the second verdict, Claudio retained new counsel to prepare post-trial motions alleging ineffective assistance of trial counsel. Claudio retained new counsel two more times while his motions were pending. His motions were finally disposed of in July 1988 and he was sentenced to a term of five to twelve years.

The Commonwealth asserts Claudio filed his first PCRA petition on March 8, 1990. Counsel was appointed and a hearing held on the petition. That petition, alleging ineffective assistance, was denied on February 28, 1992. Claudio filed a nunc pro tunc appeal of that decision, which was construed as a modification to the PCRA petition. That petition was denied without hearing on March 2, 1994. Thereafter, Claudio filed a federal habeas petition which this court denied for failure to exhaust available state remedies. Petitioner filed a second PCRA petition on April 12, 1996. That petition was denied by the Common Pleas Court on November 7, 1997; the Superior Court affirmed the dismissal on November 19, 1998 and allocator

was denied by the Supreme Court on May 25, 1999. In addition, Claudio filed a state habeas petition on January 10, 1999, which was denied after a hearing. This decision was affirmed by the Superior Court on December 15, 2000; allocator was denied on November 14, 2001. Claudio filed a third PCRA petition on December 31, 2001. It was denied by the trial court on January 8, 2002; that decision was affirmed by the Superior Court on September 16, 2002.

The Commonwealth first argues that Claudio's petition must be dismissed since he is no longer "in custody." It has appended to its response to the petition a print out showing Claudio's final discharge date from custody was July 28, 2002. It is not disputed, however, that Claudio was in custody when he filed the petition on July 11, 2002. In Spencer v. Kemna, 523 U.S. 1, 7 (1998), the Supreme Court held that a criminal habeas petitioner's release from prison did not moot his petition because he was no longer "in custody." The court found

> Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the "in custody" provision of 28 U.S.C. § 2254 requires. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Mayeng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution.

Spencer, 523 U.S. at 7. The court went on to discuss the case or controversy

3

requirement, ultimately determining that (1) some collateral consequences of the conviction must exist if the suit is to be maintained; (2) these collateral consequences presumably arise from the fact of conviction, but could not be presumed in the parole violation situation; and (3) arguments that petitioner's parole revocation could be used to his detriment in future parole proceedings, increase a future sentence, as impeachment as or prior criminal activity evidence, were all insufficient to demonstrate collateral consequences so as to maintain the habeas petition. Spencer, 523 U.S. at 15-16.

The Commonwealth makes no argument regarding the Spencer criteria. In light of this failure, we note, preliminarily, that the Supreme Court, while declining to presume collateral consequences in the area of parole revocation, has reiterated that it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Id. at 12 (quoting Sibron v. New York, 392 U.S. 40, 55 (1968). Given the paucity of legal support for the Commonwealth's argument, as well as the lack of a certified record, we find no cause to dismiss Claudio's petition on this ground at this time.

Second, the Commonwealth argues the current petition must be dismissed because it is a "second or successive" petition for which Claudio failed to first obtain permission from the Court of Appeals to file. See 28 U.S.C. §

4

2244(b)(3)(A) ("before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Claudio did file federal petitions on August 5, 1994 and February 26, 1999. Both of these petitions, however, were dismissed for failure to exhaust available state remedies. Where prior petitions are dismissed on exhaustion grounds, the subsequent petition is *not* considered second or successive or an abuse of the writ and prior authorization from the court of appeals is not necessary. Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997). These unexhausted petitions thus did not trigger the second or successive bar.

Finally, the Commonwealth argues the petition is time barred. The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted on April 24, 1996, established a one year statute of limitations for federal habeas petitions filed by a person in state custody. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Because Claudio's conviction became final prior to that date, he had one year from that date, i.e. April 24, 1997, to initiate federal habeas proceedings. Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002).[2] The statute by its own terms is, however, tolled during

_____

[2] The Commonwealth argues that "Petitioner did not file an application for State post-conviction relief or other collateral review until March 8, 1990, well after the statute of limitations under the 'AEDPA' had expired." Response at 10. No

the period that a petitioner has a "properly filed" PCRA petition pending.  28 U.S.C. § 2244(d)(2).

As of April 24, 1996, Claudio's  second PCRA petition was pending. That petition was finally adjudicated on May 25, 1999 when allocator was denied. The one year federal limitation period arguably began to run as early as that date, assuming the second PCRA was a "properly filed" petition.  See Artuz v. Bennett, 531 U.S. 4 (2000) (defining a "properly filed" state habeas petition as one whose delivery and acceptance are in compliance with the applicable laws and rules governing filings; thus, under Artuz, a PCRA petition that is "properly filed" according to the state's procedural rules tolls the AEDPA statute of limitations notwithstanding the fact that the claims in the application were procedurally barred, either because they were previously raised or were waived because they were not raised in earlier proceedings).  Assuming (without deciding) that Claudio's state habeas petition was also properly filed, that petition would have tolled the statute until November 14, 2001, when allocator was denied.  To be considered timely, therefore, a federal habeas petition had to be filed no later than November 14, 2002. Petitioner filed the instant petition July 11, 2002.  The timeliness of the petition turns

explanation is offered as to how the limitation period could have so expired.  See Sweger.

on whether the second PCRA and state habeas petitions tolled the federal statute.[3]

       Unfortunately, we are unable to make this determination due to the lack of the certified record.  We will defer final ruling on the adequacy of the petition pending further briefing and submission of the complete record.

---

[3]Claudio's two prior federal petitions, filed on August 5, 1994 and February 26, 1999, would not equitably toll the statute or permit the current petition to "relate back".  Both of these petitions were dismissed for failure to exhaust state remedies. Federal habeas petitions do not toll the statute and an exhausted petition cannot relate back to prior unexhausted petitions.  See Jones v. Morton, 195 F.3d 153, 158-160 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RAYMOND CLAUDIO                    :
                                   :
                                   :
                                   :
            V.                     :        C.A. NO. 02-4628
                                   :
                                   :
                                   :
SUPERINTENDENT, ET AL.             :


## **ORDER**


Respondents are ORDERED to provide the court within forty days one copy of each of petitioner's post-conviction pleadings and all judicial opinions rendered in the state courts on all of petitioner's various post-conviction pleadings.

Respondents are ORDERED to file within forty days a supplemental brief addressed to the questions of whether the instant petition is moot, has been timely filed, as well as the issue of procedural default, if appropriate.  Respondents are further ordered to address the application of Carey v. Saffold, ___U.S. ___, 122

S.Ct. 2134 (2002), <u>Nara v. Frank</u>, 264 F.3d 310 (3d Cir. 2001), and <u>Brooks v. Walls</u>,

301 F.3d 839 (7th Cir. 2002) (rejecting <u>Nara</u> based upon the holding of <u>Carey</u>).

       Petitioner may file a reply brief within fifty five days.

       IT IS SO ORDERED.


       _____

              CHARLES R. WEINER