IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND CLAUDIO                  :
                                 :
                                 :
                                 :
                                 :
V.                               :         C.A. NO. 02-4628
                                 :
                                 :
                                 :
SUPERINTENDENT STICKMAN,         :
ET AL.                           :

WEINER, J.                                          September 23, 2003

## MEMORANDUM OPINION AND ORDER

Presently before the court is a petition for writ of habeas corpus filed by Raymond Claudio. For the reasons which follow, the petition must be dismissed.

Procedural History

In April, 1985, a jury found Claudio guilty on thirteen of sixteen counts

in connection with a November, 1982 robbery and assault.[1] Claudio thereafter was granted a new trial. The second trial, held in December, 1985, resulted in guilty verdicts on all counts, including robbery and aggravated assault. <u>Id.</u> at 3. Claudio had also been convicted previously of two unrelated burglaries. <u>Id.</u> at 2. He pled guilty to those charges in exchange for sentences to run concurrently with his anticipated robbery sentence. Petitioner's Resp. at 2.

Claudio timely filed post-trial motions, but withdrew them in August, 1987 allegedly in order to retain his concurrent sentencing. Respondent's Answer at 4. In June, 1988, he apparently changed his mind, and reinstated his petition for the reinstatement of post-trial motions. Finally, in July, 1988, Claudio conclusively withdrew his petition for the reinstatement of post-trial motions. On that date, he was sentenced to 5-12 years, with credit for time served and concurrent sentences for the unrelated burglaries. <u>Id.</u>

In 1990, Claudio petitioned for relief pursuant to the Post Conviction Relief Act (PCRA), challenging the effectiveness of counsel who advised him to withdraw his post-trial motions. <u>Id.</u> Following a hearing, the court denied relief in

---

[1] Petitioner Raymond Claudio has effectively stipulated to the facts as stated by Respondent. See Petitioner's Response to Respondant's Answer at 1 ("Petitioner concedes that the response given by the respondent is correct except as to the following facts being left out."). All relevant facts then added by Claudio are included in the facts we set forth.

February, 1992. Id. at 6. The petitioner did not immediately appeal that decision, but did file a *nunc pro tunc* appeal over one year later, in 1993. In January, 1994, Claudio's nunc pro tunc appeal was modified to a second PCRA petition. Id. This second petition was denied a few months later as "patently frivolous." Commonwealth v. Claudio, Nos. 285, 2156 and 4409/1983, Opinion and Order at 1 (Pa. C.P. Bucks - Crim filed Dec. 22, 1997).

      Claudio then petitioned this court for a writ of habeas corpus, which we denied in November, 1994, for failure to exhaust state remedies. However, we specifically noted that Claudio retained the ability to appeal the denial of his PCRA petition *nunc pro tunc*. Claudio v. Mazurkiewicz, No. 94-4753, Order at 4 (E.D. Pa. filed 1994). On the same ground, we denied his petition for reconsideration in June, 1995.

      In April, 1996, Claudio filed a third PCRA petition, rather than a *nunc pro tunc* appeal of his second petition. One year later, the attorney representing the petitioner in that matter withdrew from the case, on the grounds that it was meritless. Resp't's Answer at 6. In 1997, this third PCRA petition was dismissed pursuant to Pa. R. Cr. P. 1507.[2] Id. at 7. The dismissal was affirmed by the Pennsylvania

---

[2]This Rule was renumbered Rule 907, effective April 1, 2001. It has not been otherwise amended since August, 1997.

Superior Court a year later, and the Pennsylvania Supreme Court denied Claudio's petition to appeal in May, 1999. Id.

In January, 1999, Claudio filed a state habeas petition. Id. The petition was denied in June, 1999 on the grounds that habeas corpus petitions were subsumed by passage of the PCRA. Commonwealth v. Claudio, No. 2156 of 1983, Addendum to Op. of Aug. 27, 1999 (Pa. C.P. Bucks filed Sept. 1, 1999). The Pennsylvania Superior Court affirmed the denial in December, 2000, and the Pennsylvania Supreme Court denied Claudio's petition to appeal in November, 2001. Resp't's Answer at 7.

Pursuant to the petitioner's request, in April, 2001, the trial court granted him the right to appeal, *nunc pro tunc*, the 1994 PCRA dismissal. However, Claudio filed a Praecipe in October, 2001, to withdraw his application to file the *nunc pro tunc* appeal. Commonwealth v. Claudio, No. 2156 of 1983, Op. Pursuant to Pa. Rule of Appellate Procedure 1925 (Pa. C.P. Bucks filed Mar. 27, 2002).

In December, 2001, Claudio filed a fourth PCRA petition. It was denied within a month, and its appeal was denied September 16, 2002, as untimely. Commonwealth v. Claudio, No. 485 EDA 2002 (Super. Ct. filed Sept. 16, 2002).

On July 12, 2002, the instant petition for a writ of habeas corpus was filed. On July 28, 2002, petitioner's sentence ended, and he was released from prison. Respondent's Answer, Exhibit A. In an Order dated August 22, 2002, we granted

Claudio's motion to place the habeas petition in abeyance and tolled the statute of limitations on Claudio's ability to repetition for habeas corpus.

Discussion

A petition for a writ of habeas corpus is subject to certain procedural limitations. For example, under 28 U.S.C.A. § 2244(d)(2), petitioners must file within a year of a State court's final judgment, not counting any "time during which a properly filed application for State post-conviction . . . review . . . is pending." Judgment against Claudio was entered in 1985. Although he did file the instant petition within a year of the latest dismissal of a post-conviction review, the State court's dismissal of that petition was based on untimeliness. Therefore, that PCRA petition was not "properly filed" as required by 28 U.S.C. §2244(d)(2). Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).

In Lovasz, our Court of Appeals explained that "a properly filed application is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Id. The court illustrated this rule by describing a PCRA petition filed more than one year after the date the judgment becomes final. Id. Under Pennsylvania law, such petitions are procedurally

inadequate, and may be dismissed if they do not meet a statutory exception. 42 Pa. Cons. Stat. Ann. § 9545(b)(1). According to Lovasz, such procedurally inadequate petitions are improperly filed. 134 F.3d at 148. State courts found Claudio's later filings, including his most recent PCRA petition, procedurally inadequate.

Claudio's most recent, valid PCRA petition was decided in December, 1997. (The potentially valid *nunc pro tunc* petition contesting the 1994 PCRA petition dismissal, which he filed early in 2001, was withdrawn and thus never decided.) Because Claudio did not have any pending, "properly filed" PCRA petitions within a year of his petition to us, the instant petition is procedurally barred.

Accordingly, we dismiss the instant petition for a writ of habeas corpus.[3]

---

[3] Additionally, we note that Claudio has now been released from custody. In order to continue the prosecution of a habeas petition once petitioner has been released, he must show some continuing collateral consequence arising from the conviction. Spencer v. Lemna, 523 U.S. 1 (1998). Claudio does not make any allegation of collateral consequences.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND CLAUDIO | : | |
| | : | |
| V. | : | C.A. NO. 02-4628 |
| | : | |
| SUPERINTENDENT STICKMAN, ET AL. | : | |

## **ORDER**

The petition of Raymond Claudio for writ of habeas corpus is DENIED.

A certificate of appealability is DENIED.

IT IS SO ORDERED.

_____
CHARLES R. WEINER